## City of Allentown v. Purselle.

*Municipalities—Cities—License—Transient business.*

1. Where a corporation of large assets, manufacturing its products, and desirous of establishing chain stores throughout the country, opens a retail store in a neighboring city, a resident of that city being in charge thereof, having a large and valuable stock of silks on hand for sale, constantly replenished, and its purpose being permanent, it is not doing a transient retail business, even though it has a lease on its store only for four months, with, however, the privilege of an extension thereof.

2. It, therefore, is not required to take out a license for doing a transient business as provided for by ordinance.

Appeal from summary conviction. C. P. Lehigh Co., June T., 1926, No. 57.

*John H. Diefenderfer,* for appellant.

*Robert L. Stuart,* City Solicitor, contra.

Iobst, J.—This is an appeal by Edwin Purselle from a penalty imposed upon him by the City of Allentown for violating an ordinance of the city, providing for the licensing of transient retail merchants, and prohibiting such transients from pursuing their vocation in that city without a license, which ordinance, bearing upon the case at bar, reads as follows:

"Section 1. Every person, whether principal or agent, entering into, beginning, or desiring to begin, a transient retail business in the City of Allentown for the sale of any goods, wares or merchandise whatsoever, or who hires, leases or occupies a room, apartment, store, shop, building or other structure for the exhibition or sale of such goods, wares or merchandise, shall take out a license for the same from the city clerk; provided, however, that nothing herein contained shall apply to farmers selling their own produce, or to any sale of goods, wares or merchandise donated by the owners thereof, the proceeds whereof are to be applied to any charitable or philanthropic purposes; and provided, further, that the provisions of this ordinance shall not apply to any merchant previously established, who, by reason of fire or any other circumstances, is compelled to temporarily lease until he can again be re-established in a permanent location.

"Section 2. The amount of said license shall be the sum of Two Hundred ($200) Dollars per month, or fractional part thereof, to be paid to the City Treasurer, and said license shall be received monthly during the continuance of such transient retail business. This license shall be in addition to all other license fees imposed by said city."

Section 3 provides for a penalty of not less than one hundred ($100) dollars nor more than two hundred ($200) dollars, with costs of prosecution, upon conviction thereof before the mayor or any alderman of the city, to be collected as other fines are by law collectible, and in default of payment thereof, the offender shall be imprisoned in the city or county prison for a period not exceeding thirty days.

This ordinance was enacted by the city in pursuance of the Act of the General Assembly of May 24, 1923, P. L. 442.

It is the contention of Purselle, based on the evidence, that he is not a transient retail merchant, and, therefore, not subject to the provisions of the ordinance.

From the testimony produced at the hearing on the appeal, we find the following facts: That Purselle, when opening a retail store at No. 1033 Hamilton Street, in the City of Allentown, applied to the city clerk for a mercantile license for the Noe Equl Textile Mills; that this application was made on or

about April 13, 1926; that on April 26, 1926, the Noe Equl Textile Mills forwarded a check for eighteen ($18) dollars to cover the tax for a mercantile license, which check was not accepted by the city, but returned to the forwarder; that the city clerk decided that the applicant should take out a transient mercantile license. As a result of this controversy, the appellant has no license whatsoever to do business in the city. The store was opened about the middle of April, with temporary fixtures, and stocked with silk hosiery and ladies' silk underwear. The stock of merchandise in the storeroom totaled in value from $35,000 to $40,000. The goods offered for sale were manufactured at the plant of the Noe Equl Textile Mills, Reading, Pa., where its principal office is located. The assets of this company were estimated at $1,500,000.

The company is desirous of establishing a system of chain stores throughout the country, and to that end leased premises No. 1033 Hamilton Street, Allentown, Pa., as its first experiment, and if successful, as its first permanent store. The lease entered into with the owner of the building was for a period of four months, to terminate on Aug. 15, 1926, at which time the company, if successful in its venture, has the privilege of extending its lease, according to the testimony of the owner, or will remove its location nearer to the business centre of the city. It is the purpose of the company to establish a permanent place of business in the city. Edwin Purselle, the defendant, is a relative of one of the members of the corporation, and, having been a resident of the City of Allentown for the past two years, was placed in charge of the store. The stock in the store is constantly being replenished from the manufactured stock on hand at the factory of the company in the City of Reading.

At this point, we desire to say that when a municipality is by legislation empowered to act, it must be governed not by us, but by its own discretion; and we shall not be hasty in convicting its officers of being unreasonable in the exercise of their discretion. If such powers conferred upon municipalities are exercised in a reasonable and lawful manner, courts cannot interfere with its ordinances, or with the reasonable exercise of the discretionary powers of such municipality. However, it strikes us that the instant case is one of extraordinary merit and does not savor of the term "transient business" or "transient merchandising." We have here a company of large assets, manufacturing its product in the City of Reading, distant but thirty miles from the City of Allentown, desirous of establishing chain stores throughout the country, with its first venture in the City of Allentown. A citizen of the city is placed in charge of the store as its manager. A large and valuable stock of silks is on hand for sale; its source constantly flowing from the factory manufacturing it; the purpose of its inception being permanency. A careful perusal of the testimony fails to show anything that would impress us with the idea that this business is but itinerant or transitory. The occupation of an itinerant or transient merchant closely resembles that of hawkers or peddlers in the disposition of merchandise. Neither one has office or place of business. The hawker or peddler moves from town to town, from house to house, soliciting trade, irresponsible, at times dishonest. The transient merchant has no fixed place of business; he also moves from place to place, disposing of such goods as may come into his hands, frequently heralding fire sales, bankrupt sales or overplus of stock purchased cheaply from sources unknown. Ofttimes no responsibility attaches to him as he migrates from town to town, remaining only long enough to dispose of his stock of goods. He is usually a stranger to the community wherein he offers his goods for sale and makes his sales. For such men and for such business, the ordinance

in question is righteous and reasonable legislation. But the facts in this case do not bring it within the above classification.

We feel assured that if the city clerk had had the benefit of the testimony as produced on the appeal, he would have arrived at a different conclusion and granted to the applicant a mercantile license. It is needless to say more.

### Decree of court.

Now, June 28, 1926, the appeal is sustained; the judgment is reversed, and restitution of the fine and costs heretofore paid by the defendant, if any, is hereby ordered. The costs of this appeal to be paid by the City of Allentown.

From Edwin L. Kohler, Allentown, Pa.